| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on March 11, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Anna L Curnal
James R Curnal

Debtor(s)

Case No.: 18-24610 / MBK

Hearing Date:  02/26/2019

Judge: Michael B. Kaplan

Chapter: 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: March 11, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 08/01/2018, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,050.00 PAID TO DATE

$1,072.00 for 53 months beginning 3/1/2019

**ORDERED** that the case is confirmed with a calculated plan funding of $57,866.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the claim of DRI Mortgage Opportunity Fund c/o SN Servicing Corporation, court claim #1-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that the claim of Internal Revenue Service, court claim #2-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that, notwithstanding the order of distribution set forth in the plan, the Trustee disbursements shall be made pursuant to the following order of distribution: administrative claims, secured claims, priority claims, general unsecured claims.

**ORDERED** as follows:

The claim of Santander Consumer USA, court claim #5-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

The claim of Wells Fargo Bank, NA, court claim #6-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

The claim of NJ Division of Taxation, court claim #14-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

United States Bankruptcy Court
District of New Jersey

In re:  
Anna L Curnal  
James R Curnal  
    Debtors

Case No. 18-24610-MBK  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin        Page 1 of 1        Date Rcvd: Mar 12, 2019  
                               Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 14, 2019.  
db/jdb       +Anna L Curnal,   James R Curnal,   97 Irving Avenue,   Spotswood, NJ 08884-1136

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 14, 2019                                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 12, 2019 at the address(es) listed below:  
            Albert   Russo   docs@russotrustee.com  
            Denise E. Carlon   on behalf of Creditor   FV-I, Inc. In Trust for Morgan Stanley Mortgage Capital Holdings LLC dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com  
            Kevin Gordon McDonald   on behalf of Creditor   FV-I, Inc. In Trust for Morgan Stanley Mortgage Capital Holdings LLC kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com  
            U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov  
            Yakov   Rudikh   on behalf of Joint Debtor James R Curnal yrudikh@gmail.com, rudikhlawgroup@gmail.com;mrudikh@gmail.com;zk1313@gmail.com;R61945@notify.bestcase.com  
            Yakov   Rudikh   on behalf of Debtor Anna L Curnal yrudikh@gmail.com, rudikhlawgroup@gmail.com;mrudikh@gmail.com;zk1313@gmail.com;R61945@notify.bestcase.com  
                                                                                                                       TOTAL: 6